### In re R. B.

[394 A.2d 1122]

No. 126-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed September 14, 1978

Motion for Reargument Denied October 31, 1978

*M. Jerome Diamond,* Attorney General, and *Michael Mc-Shane,* Assistant Attorney General, Montpelier, for Plaintiff.

*James L. Morse,* Defender General, Montpelier, and *Michael S. Kupersmith,* Juvenile Defender, Burlington, for Defendant.

**Barney, C.J.** This suit is brought for the benefit of a boy fourteen years old at the time of the appeal. The issue is the propriety of an order of the Department of Social and Rehabilitation Services assigning R. B. to Weeks School. The ques-

tion is a narrow one. This Court is asked to determine whether or not there was such a failure to comply with 33 V.S.A. § 656(b) that the matter must be remanded with directions to the Human Services Board to order the Department of Social and Rehabilitation Services to comply with the statutory commands.

33 V.S.A. § 656(b) reads as follows:

> If at any time a child in need of care or supervision is placed in or transferred to the Weeks school, the person having legal custody of the child shall file a report with the juvenile court which states:
>
> (1) That the needs of the child are such that he will benefit from residential treatment and removal from his environment;
>
> (2) That appropriate placement alternatives are not available outside the institution; and
>
> (3) The identification of each alternative resource which was evaluated and the reasons each was deemed inappropriate or inadequate to meet the needs of the child.

The matter became a controversy when R. B. took advantage of his right to a hearing on the issue of his placement at Weeks School. He contested that decision on the grounds that alternative placements had not been adequately investigated and evaluated.

Evidence was taken before a hearing officer, who went on to make findings of fact and issued an order affirming the Department's committal to Weeks School. The Board approved and adopted the findings and order of the hearing officer, and the matter came to this Court on appeal.

The facts may be briefly outlined. R. B. had been committed to the custody of the Department when he was twelve. His problems were behavioral and disciplinary, including theft, vandalism, and disruptive behavior at home and school. His mother and father were divorced. He was placed in Weeks School from April, 1976, to December, 1976 (R. B.'s testimony indicates that at some point he spent some time in a foster home, but this is not reflected in the findings and the dates were never evidenced).

In December, 1976, he went to Florida under the supervision of the Florida social services agency to live with his father. This was done in accordance with R. B.'s wishes. On departure he signed a statement agreeing to his return to Weeks School if the Florida situation did not work out.

In the middle of January, 1977, R. B. called his caseworker in Vermont and asked to be returned to Weeks School. The worker urged him to try to work things out in Florida, but by February 5, he was back in Weeks School. It is from his placement there at that time that this proceeding arises.

Testimony was elicited from the casework supervisor that R. B. had not only stated to the staff that he was not interested in going to either a foster or group home but that he has refused to visit or check out such homes as have been offered as possible placements. The caseworker still had hopes that a foster or group home might be possible if R. B.'s attitude could be changed.

R. B. testified that he had been in a foster home and didn't like it. He then, on direct examination, said that he would be willing to consider placement in a "good" foster or group home.

In connection with the hearing, the letter to the juvenile court relating to R. B.'s transfer to the Weeks School in February, 1977, was made part of the record. There is no question that it does not fulfill the calls of 33 V.S.A. § 656(b) for a report containing specific information about the evaluation of alternative resources. The question to be decided is whether its deficiencies in the context of this case require a new hearing.

We find that they do not, for two reasons. First, the evidence and the letter sustained the determination that there was no appropriate alternative placement available other than Weeks School. Therefore the shortage of specific identification is not prejudicial. Secondly, 33 V.S.A. § 656(a) allows R. B. to bring a petition for a change in placement on a change in his circumstances since the decision of the Human Services Board, if it can be shown to be in his best interests. *In re J. and J. W.*, 134 Vt. 480, 483, 365 A.2d 521 (1976).

*Judgment affirmed.*